UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NEIL HENRICKSEN AND MAURITA HENRICKSEN,

    Plaintiffs,

  vs.

CONOCO PHILLIPS COMPANY,

    Defendants.

NO. CV-07-224-JLQ

**ORDER ON DEFENDANT'S MOTION FOR EVIDENTIARY DAUBERT HEARING**

**BEFORE THE COURT** is Defendant's Motion for Evidentiary Daubert Hearing (Ct. Rec. 64). The hearing on 10 of Defendant's motions, which includes *5 Daubert* motions relating to five of Plaintiffs' witnesses (Gardner, Kaltofen, Sawyer, Caton and Infante), is presently scheduled for hearing on July 1, 2008 at 9:00 a.m. in Spokane, Washington.

In response to Defendant's motion for evidentiary hearing, Plaintiffs assert it would be their preference not to hold an evidentiary hearing to the extent possible, because presenting their witnesses would demand significant time and expense, and would be burdensome for some witnesses.

It is this court's obligation to act as a "gatekeeper" to admission of expert scientific testimony under Rule 702. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). In performing its "gatekeeper" role, the court is not obligated to conduct a separate evidentiary hearing on the admissibility of the proffered expert testimony. *See United States v. Alatorre*, 222 F.3d 1098, 1102 (9th Cir. 2000). Having now received Plaintiffs' responses and Defendant's reply memoranda, it is the

ORDER - 1

court's belief that the court has an adequate record to rule on all ten motions on the pleadings alone.  However, the purpose of holding an evidentiary hearing is to assist the court to conduct an adequate *Daubert* analysis.  The Ninth Circuit encourages district courts to hold such hearings in part to allow plaintiffs an adequate opportunity to question the experts the Defendant relies upon in the *Daubert* motions.  *In re Hanford Nuclear Reservation Litigation,* Nuclear Reg. Rep. P 20,621, 292 F.3d 1124, 1138-39 (9th Cir. 2002).

Accordingly, on July 1, 2008, the court will conduct an evidentiary hearing, to the extent the parties elect to present witness testimony.  It shall be up to the parties to decide whether to offer testimony and if so, which witnesses to present.  The court is not at this time mandating that any particular witness appear.  The court will then hear argument on all ten pending defense motions.

**IT IS HEREBY ORDERED:**

Defendant's Motion for Evidentiary Hearing (Ct. Rec. 64) is **GRANTED**.

The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 26th  day of June, 2008.

                s/ Justin L. Quqckenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE